Vanessa R. Waldref
United States Attorney
Tyler H.L. Tornabene
Daniel Hugo Fruchter
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210 1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONDRE CHARLES JACKSON,<br><br>Defendant. | No. 2:22-CR-0089-TOR<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and the undersigned counsel, submits the following Sentencing Memorandum.[1]

---

[1] The undersigned counsel apologizes to the Court and defense counsel for not having filed the instant memorandum on December 23, 2022.  Mindful of this Court's Order Accepting Guilty Plea and Setting Sentencing Schedule (ECF No.

UNITED STATES' SENTENCING MEMORANDUM - 1

Defendant DONDRE CHARLES JACKSON's U.S. Sentencing Guideline range is 6 – 12 months. (PSIR[2] at ¶ 89). However, Defendant's Guideline range is in Zone B, which allows for a sentence of probation under the Guidelines to satisfy the minimum term. (PSIR ¶ 67). In addition, Defendant has pleaded guilty to a Class D felony making him eligible for a one to five year sentence of probation under 18 U.S.C. § 3561(c)(1). (PSIR at ¶ 7). As detailed herein, a sentence of probation and restitution in the amount of $54,999, entry of a money judgment in that amount, and one mandatory special penalty assessment totaling $100, would be a sufficient sentence for Defendant, but not greater than necessary given the 18 U.S.C. § 3553(a) factors. Specifically, Defendant's cooperation upon his first contact with law enforcement prior to his initial appearance in this matter, his speedy acceptance of responsibility, and his lack of criminal history, all auger towards a sentence of probation without incarceration.

I.    Factual Background

On July 19, 2022, the Grand Jury returned an indictment charging the Defendant with four counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and two counts of False, Fictitious, or Fraudulent Claims, in violation of 18 U.S.C. § 287. (ECF No. 1). Shortly thereafter, on September 21, 2022, the date that had been set for his first pretrial conference, Defendant pleaded guilty to Count 6 of the Indictment, charging False, Fictitious, or Fraudulent Claim in violation of 18 U.S.C. § 287. (*See* ECF No. 19).

The charges against Defendant stem from two Paycheck Protection Program (PPP) loans that Defendant applied for requesting a total of $49,999 from the U.S. Small Business Administration (SBA), using materially false and fraudulent

20), the United States nonetheless submits the instant memorandum for the Court's consideration.

[2] Refers to the Presentence Investigation Report (ECF No. 22).

UNITED STATES' SENTENCING MEMORANDUM - 2

information.  (ECF No. 1 at 3-6).  Specifically, on April 15, 2021, Defendant applied for a PPP loan for a non-existent business falsely claiming gross business income of $103,208 for 2019.  (ECF No. 1 at 4).  Defendant's representations were false, as he knew, but through them he was able to personally receive a total of $20,833.  (ECF No. 19 at 6).

Subsequently, on May 20, 2021, Defendant applied for another PPP loan and again did so by falsely certifying that he had a business with gross income of $103,208 for 2019.  (ECF No. 1 at 5).  Defendant's representations were false, as he knew, but through them he was able to personally receive a total of $29,166. (ECF No. 19 at 7-8)

Defendant and the United States (herein collectively "the parties" where appropriate) have reached substantial agreement in this case.  The plea agreement between the parties provides, *inter alia*, that the parties agree and stipulate that this Court should order the Defendant to pay restitution to the SBA in the amount of at least $49,999.  (ECF No. 19 at 11).  The PSIR provides that the total amount of loss to the SBA, when lender fees are factored in, is $54,999, and that is the United States' requested amount of restitution.  (*See* PSIR ¶ 20).  The plea agreement further provides, *inter alia*, that the parties agree that Defendant's base offense level for count 6 of the Indictment is six (6) pursuant to USSG § 2B1.1(a)(2), that Defendant's base offense level is increased by six (6) based on an agreed amount of actual and intended loss of at least $49,999, pursuant to USSG § 2B1.1(b)(1)((D), and that the Defendant's offense level is reduced by two (2) for his timely acceptance of responsibility under USSG § 3E1.1(a).  (*See* PSIR ¶ 4). Accordingly, the parties agree that Defendant's adjusted offense level is ten (10). (ECF No. 19 at 8-9).  The PSIR also calculates Defendant's adjusted offense level to be ten (10) and further calculates the Defendant's criminal history as a Category I, yielding a sentencing range in Zone B of 6-12  months incarceration.  (PSIR ¶ 89).

II.    <u>A Sentence of Probation and Restitution is Sufficient, but No Greater Than Necessary, and Otherwise Comports with the Relevant Sentencing Factors</u>

The Court must consider all of the sentencing factors set forth in § 3553(a) in determining the Defendant's sentence.  Those factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

In this case, the nature and circumstances of Defendant's crime as well as his history and characteristics auger towards a sentence of probation and restitution.  Defendant has no criminal history but does have a history of gainful employment.  (*See* PSIR ¶¶ 37-38 and 59-61).  The nature and circumstances of Defendant's crimes are submitting two false loan applications resulting in his receipt of nearly $50,000.  (PSIR ¶¶ 8-18).  However, after his two false applications, when first confronted by law enforcement, he immediately admitted to his offenses.  (PSIR ¶ 17).  Defendant's acceptance of responsibility continued when he entered a plea of guilty on the day that had been scheduled for his first pretrial conference in this matter.  (*See* ECF No. 17 at 2 (setting the first pre-trial conference for September 21, 2022).  Moreover, the PSIR reports that Defendant has expressed genuine remorse not only at his offenses but for no longer being able to say that he is not a felon.  (PSIR ¶ 49).  At bottom, a sentence of probation and

UNITED STATES' SENTENCING MEMORANDUM - 4

restitution in this circumstance reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense and affords adequate deterrence to criminal conduct to protect the public from further crimes of Defendant.  Finally, the need to provide restitution in this case is adequately addressed in the plea agreement.

III.    <u>Recommended Terms of Probation</u>

Should this Court choose to impose a term of probation in this matter, the Untied States recommends that this Court impose all mandatory and standard conditions of probation recommended in the PSIR.  (PSIR at pages 16-18)   In addition, the United States recommends that this Court impose as conditions of probation the same conditions that the parties agreed to for any imposition of supervised release, which include:

      a.    Defendant will provide financial information and copies of federal income tax returns, and allow credit checks, at the direction of the United States Probation Office;

      b.    Defendant shall disclose all assets and liability to the United States Probation Office and shall not transfer, sell, give away, or otherwise convey or secret any asset, without the advance approval of the United States Probation Office;

      c.    Defendant is prohibited from incurring any new debt, opening new lines of credit, or enter any financial contracts or obligations without the prior approval of the United States Probation Office; and

      d.    Defendant shall participate in and complete financial counseling and life skills programs at the direction of the United States Probation Office.

(*See* ECF No. 19 at 10-11).

UNITED STATES' SENTENCING MEMORANDUM - 5

IV.    Conclusion

The United States recommends that this Court sentence Defendant to a term of probation and impose $54,900 in restitution and a $100 special penalty assessment upon Defendant.


RESPECTFULLY SUBMITTED this 26th day of December, 2022.


                                        Vanessa R. Waldref
                                        United States Attorney

                                        */s Tyler H.L. Tornabene*
                                        Tyler H.L. Tornabene
                                        Daniel Hugo Fruchter
                                        Assistant United States Attorneys
                                        Eastern District of Washington
                                        920 W. Riverside Ave., Suite 340
                                        Spokane, Washington 99201
                                        Telephone: (509) 353-2767
                                        Email USWAE.TTornabeneECF@usdoj.gov


***CERTIFICATE OF SERVICE***

I hereby certify that on December 26, 2022, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF System and service of such filing will be sent by reliable electronic means to attorney Lorinda Youngcourt, for Defendant Dondre Charles Jackson, as follows:


        Lorinda Youngcourt
        Federal Defenders of
        Eastern Washington and Idaho
        10 N Post Suite 700

1    Phone: (509) 624-7606
2    Email: Lorinda_Youngcourt@fd.org

3

4

5                            *s/Tyler H.L. Tornabene*
6                            Tyler H.L. Tornabene
7                            Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM - 7